NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-076-KKC

FELIX IBARRA-VILLALVA, JR.                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA AND
B.O.P. DIRECTOR HARLEY LAPPIN,                                           DEFENDANTS

\* \* \* \* \* \* \* \*

Felix Ibarra-Villalva, Jr., an individual presently confined at the United States Penitentiary-Big Sandy, in Inez, Kentucky, has filed a *pro se* civil rights complaint under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). He has not submitted the $350 District Court filing fee for a civil action, nor an application to proceed *in forma pauperis*.

Perhaps this litigant did not move for pauper status because he has brought and been denied prior motions to proceed *in forma pauperis* in the federal courts. Title 28 of the United States Code, Section 1915, the very statute providing for prisoners and other indigents to proceed *in forma pauperis*, contains a bar to any litigant's over-use of the statute. The relevant portion specifically provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

PACER research reveals that Plaintiff has filed a total of 10 civil, non-habeas, actions to date, one (1) in 2006, eight (8) in 2007, and the instant 2008 lawsuit. A review of these cases reveals that Ibarra-Villalva has had more than 3 civil actions or appeals dismissed on the ground that he failed to state a claim, the matter was frivolous, or his claim malicious. In fact, his latter civil actions have been dismissed on the ground that they are barred by Section 1915(g).

In one of these previous *Bivens* cases, *Ibarra-Villalva v. Bureau of Prisons*, N.D.W.V. No. 05-CV-039-JPB, filed exactly one year ago this month, the District Court ultimately found that while he had been incarcerated, Ibarra-Villalva had filed at least three civil actions which had been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The Court at that time footnoted the following cases:

> See, e.g., Ibarra v. WQSU Radio, case no. 4:06cv195 (M.D. Pa. Mar. 8, 2006) dkt. entries 14 (district court dismissal) and 24 (3rd Circuit dismissal of appeal on Feb. 20, 2007); Ibarra-Villalva v. USP - Allenwood), case no. 4:06cv666 (M.D. Pa. May 5, 2006), dkt. Entries 9, 14 (district court dismissal and 22 (3rd Circuit dismissal of appeal on Jan. 10, 2007); Ibarra v. USP - Allenwood, case no. 1:06cv1160 (M.D. Pa. Feb. 9, 2007). Each of these district court dismissals pursuant to 28 U.S.C. § 1915(e)(2)(B) counts as a strike for purposes of the § 1915(g) three-strikes bar.

Record No. 6 at 2, fn. 1. Therefore, that District Court looked at the complaint before it to see if Plaintiff alleged that he was under imminent danger of serious physical injury so as to be exempted from the statutory bar. Since Ibarra-Villalva had not make such allegations, the Court dismissed his cause of action.

In the Complaint herein, Plaintiff not only admits to prior dismissed cases, but even gives case names and numbers, "all I can recall and annotate." He also specifically complains of imposition of Section 1915(g) on him in prior cases and sets out a list of his federal claims, including

2

"1st Amendment Access to Courts . . . 6th Amendment Right to a Counsel . . . ." Ibarra-Villalva does not claim to be under imminent danger of serious physical injury.

Pursuant to Section 1915(g) and its progeny, it is not necessary for the court to devote further judicial resources to the instant cause of action. Nor is it prudent. Rather, this Court is persuaded that the proper disposition herein is to dismiss this case upon making the Section 1915(g) findings above-stated, as did the West Virginia District Court, that court citing *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) for the proposition that dismissal without prejudice is appropriate as soon as the 1915 bar is invoked. "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id.* at 1236 (emphasis in the original).

Accordingly, **IT IS ORDERED** that this action will be **DISMISSED**, *sua sponte*, as barred by 28 U.S.C. § 1915(g), and a contemporaneous Judgment shall be entered in favor of the Defendants.

Dated this 21st day of April, 2008.

Signed By:
*Karen K. Caldwell*
United States District Judge

3